# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING
POLICY NO. C111271/054,

        Plaintiff/Counter-Defendant,

v.                                                  No. CV 14-00178 WJ/CG

NEW MEXICO PSYCHIATRIC SERVICES
CORPORATION, BABAK B. MIRIN, M.D.
AND SUSAN SHAW, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF
JACK MARK SHAW, DECEASED,

        Defendants/Counter-Plaintiffs.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS

THIS MATTER comes before the Court upon Defendant Susan Shaw's Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction **(Doc. 30)**, filed November 17, 2014. Having reviewed the parties' briefs and applicable law, the Court finds that the motion is not well taken and, therefore, is **DENIED**.

In March 2013, Shaw filed a complaint in state court against New Mexico Psychiatric Services ("NMPS"); the Board of Commissioners of Chaves County, New Mexico; and several individual defendants. Shaw's state-court complaint alleges counts of negligence and loss of consortium relating to the death of her husband while he was jailed at Chaves County Detention Center. NMPS was under contract to provide medical care at that facility at all relevant times.

Babak B. Mirin, M.D., the president and owner of NMPS, is the named insured on an insurance Policy issued by Plaintiff. NMPS is listed as an additional named insured on the Policy with respect to claims and claim expenses arising directly from professional services rendered by Dr. Mirin. Plaintiff instituted the instant action against NMPS and Dr. Mirin in February 2014, seeking a declaration of the rights and obligations of the parties under the Policy with respect to the state-court lawsuit instituted by Shaw. Plaintiff later filed the First Amended Complaint, which added Shaw as a Defendant and interested party in this action. *See* **(Doc. 24)**.

Shaw now seeks dismissal of this action pursuant to Federal Rule of Civil Procedure 19(a), arguing that Chaves County should be considered an additional named insured under the Policy and that the County is therefore a necessary and indispensable party to this suit. Shaw's argument centers on an agreement between NMPS and Chaves County requiring that NMPS list the County as an additional named insured when procuring certain forms of required insurance coverage. *See* **(Doc. 30 Ex. 1)**, Agreement. The problem, Plaintiff responds, is that despite this agreement, NMPS did not actually list Chaves County as an additional named insured for the Policy at issue here. *See* **(Doc. 1 Ex. B)**, Policy, at 10-11.[1] Therefore, Plaintiff argues, Chaves County cannot be considered an additional named insured under the Policy and cannot be a required party in this action.

Rule 19 governs questions as to "whether an action should be dismissed for failure to join a purportedly indispensable party." *Citizen Potawatomi Nation v. Norton*, 248 F.3d 993, 997 (10th Cir. 2001) (citation omitted). The first step in resolving this question is to determine whether the absent party is "necessary." *See id.* If the absent party is necessary, the Court must

---

[1] The copy of the Policy attached to Plaintiff's operative First Amended Complaint is practically illegible. *See* **(Doc. 24 Ex. B)**. However, the Court has no reason to believe that exhibit to be substantively different in any relevant respect from the copy of the Policy attached to Plaintiff's first complaint.

then proceed to determine whether joinder of the party is "feasible" or, alternatively, whether the party is otherwise "indispensable." *See id.* (citing, *e.g.*, FED. R. CIV. P. 19(a)-(b)).

A party is deemed "necessary" under the first element if:

> **(A)** in that person's absence, the court cannot accord complete relief among existing parties; or **(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: **(i)** as a practical matter impair or impede the person's ability to protect the interest; or **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a); *see also Citizen Potawatomi Nation*, 248 F.3d at 997.

Under the plain terms of the Policy, Chaves County is not an additional named insured. For that matter, Plaintiff was not a party to any relevant agreement between NMPS and Chaves County and thus, Plaintiff cannot be bound to the private agreement between those entities. Nor does Shaw assert that Chaves County was a third-party beneficiary under the Policy. Simply put, there is no indication that a determination of Plaintiff's rights and obligations with respect to NMPS and Shaw would have any impact on the dispute between Shaw and Chaves County in the underlying state-court action. For this reason, the Court concludes that complete relief can be accorded among the parties to this suit despite the absence of Chaves County as a party.

Shaw also concedes that Chaves County has not claimed an interest to the subject matter of this action. Moreover, given that Chaves County is not an additional named insured under the Policy, Shaw does not explain how the resolution of this case would impair the County's interests or leave any other party subject to inconsistent obligations. Accordingly, the Court finds that Chaves County is not a necessary party to this action, and therefore dismissal pursuant to Rule 19(a) is not warranted.

Shaw also argues in the alternative that the Court should exercise its discretion to dismiss this case in order to allow the state court to decide the issues raised in Plaintiff's complaint.

Plaintiff and Shaw agree that this question is governed by the five-part test discussed in *St. Paul Fire and Marine Insurance Co. v. Runyon*:

> [1] whether a declaratory action would settle the controversy; [2] whether it would serve a useful purpose in clarifying the legal relations at issue; [3] whether the declaratory remedy is being used merely for the purpose of "procedural fencing" or "to provide an arena for a race to *res judicata* "; [4] whether use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and [5] whether there is an alternative remedy which is better or more effective.

53 F.3d 1167, 1169 (10th Cir. 1995) (quoting *State Farm Fire & Cas. Co. v. Mhoon*, 31 F.3d 979, 983 (10th Cir. 1994)).

In *Runyon*, the Tenth Circuit affirmed the dismissal of a federal declaratory action where the insured and his insurance provider were also embroiled in a state-court action for bad faith and breach of contract. *See id.* at 1169-70. In doing so, the Tenth Circuit observed that the core question in both cases was the same—whether the insured was protected from liability in a separate court action under his insurance contract. *See id.* at 1169. The court therefore distinguished the case before it from those where the insured parties were defendants in state-court tort actions and the insurance providers were not named as parties. *See id.* at 1169-70.

The case before the Court is completely aligned with the cases that the Tenth Circuit expressly distinguished from its holding in *Runyon*. The issue of Plaintiff's obligations to Dr. Mirin, NMPS, and/or Chaves County is not before the state court in the underlying action and therefore would not be settled in that venue. *Cf. id.* Because this issue is not before the state court and Plaintiff is not a party to that suit, there is no indication that Plaintiff has engaged in "procedural fencing," that a decision in this action would increase friction between federal and state courts, or that the state-court action would provide a " better or more effective" alternative remedy to the dispute here. *See id.* at 1169. Finally, the Court finds that a timely decision on the issues in this action would serve a useful purpose, as the parties here have "a substantial interest

in deciding these issues without undue delay, particularly the question of the duty to defend." *See Mhoon*, 31 F.3d at 984. The Court therefore declines Shaw's invitation to decline to exercise jurisdiction in this case.

For the foregoing reasons, Shaw's Motion to Dismiss First Amended Complaint for Lack of Subject Matter Jurisdiction **(Doc. 30)** is hereby **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE

5