IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

THOSE CERTAIN UNDERWRITERS AT
LLOYD'S LONDON SUBSCRIBING
POLICY NO. C111271/054,

      Plaintiff/Counter-Defendant,

    v.                                                       No. CV 14-00178 WJ/CG

NEW MEXICO PSYCHIATRIC SERVICES
CORPORATION, BABAK B. MIRIN, M.D.
AND SUSAN SHAW, INDIVIDUALLY AND
AS PERSONAL REPRESENTATIVE OF
JACK MARK SHAW, DECEASED,

Defendants/Counter-Plaintiffs.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANTS' MOTION TO DISMISS
## and
## DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

THIS MATTER comes before the Court upon a Motion to Dismiss filed on September 8, 2015 by Defendants New Mexico Psychiatric Services Corporation and Babak Mirin, M.D. **(Doc. 64)**; Plaintiff's Motion for Entry of Default and Attorney Fees Against Healthcare Professional Services, Inc., filed August 19, 2015 **(Doc. 57)**; and Plaintiff's Motion for Default Judgment and Attorney Fees against Parker Harvey, CPCU, filed August 19, 2015 **(Doc. 58).**

The Court finds that the motion to dismiss by Defendants New Mexico Psychiatric Services Corporation and Dr. Mirin is well-taken and shall be granted and that Plaintiff's motion for default judgment against Mr. Harvey is denied as moot.

## BACKGROUND

This lawsuit involves the coverage dispute that arose as a result of the state court wrongful death lawsuit. According to the complaint in that lawsuit, Jack Shaw was arrested by a Chaves County Sheriff's deputy for driving under the influence of intoxicants, possessing an open container of alcohol, and driving on a suspended license. Mr. Shaw was transported to the Eastern New Mexico Medical Center for a blood draw in order to determine his blood alcohol concentration. When he refused to consent to the blood draw he was transported to Chaves County Detention Center for booking. While being processed, he fell and struck his head while unattended. He was taken by ambulance to the hospital, but died as a result of his injuries.

In March 2013, Susan Shaw filed a complaint in state court against NMPSC; the Board of Commissioners of Chaves County, New Mexico; and several individual defendants. Susan Shaw's state court complaint alleges counts of negligence and loss of consortium relating to the death of her husband, Jack Shaw, while he was incarcerated at the Chaves County Detention Center. New Mexico Psychiatric Services Corporation ("NMPSC") was under contract to provide medical care at that facility at all relevant times. Dr. Mirin, the president and owner of NMPSC, is the named insured on an insurance Policy ("Policy" or "Lloyd's Policy") issued by Plaintiff. NMPSC is listed as an additional named insured on the Lloyd's Policy with respect to claims and claim expenses arising directly from professional services rendered by Dr. Mirin.

The Court granted summary judgment in favor of Plaintiff with respect to the declaratory judgment on its duty to defend and indemnify, as well as Defendants' counter-claims. After the Court's ruling, the only claims remaining were the cross-claims asserted by Susan Shaw against NMPSC, Dr. Mirin and Parker Harvey, CPCU (the insurance agent through whom the policy was purchased), in which Ms. Shaw alleges that NMPSC and Dr. Mirin negligently failed to

obtain insurance that satisfied the requirements of the contract between Chaves County and NMPSC and/or Dr. Mirin.  Doc. 56.[1]

## DISCUSSION

    A.    <u>Defendants' Motion to Dismiss</u>

In the motion to dismiss, Defendants NMPSC and Mirin seek dismissal of the cross-claims asserted against them by Ms. Shaw, pursuant to 28 U.S.C. §1367(d)(3), asking the Court to decline to exercise supplemental jurisdiction over these claims because the claims over which the Court had original jurisdiction have been dismissed.  Defendant Harvey is not a movant in the present motion, and Plaintiff seeks a default judgment against Defendant Harvey in a separate motion.  See Doc. 58.

A federal court may decline to assert supplemental jurisdiction over a pendent claim if any of the following four circumstances specifically enumerated in Section 1367(c)(1)-(4) apply: "the claim raises a novel or complex issue of State law," "the claim substantially predominates over the claim or claims over which the district court has original jurisdiction," "the district court has dismissed all claims over which it has original jurisdiction," or "in exceptional circumstances, there are other compelling reasons for declining jurisdiction."  Ms. Shaw gives no reason which convinces the Court that it should retain jurisdiction over the state law claims, but on the other hand, there are good reasons why the Court should refrain from doing so.  As noted by the cross-defendants, the state court action filed against NMPSC is still pending; no substantial time or effort has been devoted to preparation or litigation of the cross-claims, and there are no statute of limitations issues involved.  The Court also agrees with cross-defendants that the main claim has been resolved in this litigation, and the state law claims should be taken up in state court.  Ms. Shaw

---

[1] Ms. Shaw has asserted cross-claims against NMPSC, Dr. Mirin, Parker Harvey and Healthcare Professional Services (Doc. 42.

mentions that she is waiting to hear "additional information" from NMPSC and Mr. Harvey, as to whether they have consulted with Plaintiff on matters of coverage, but this does not persuade the Court that it should exercise jurisdiction over the state law claims because any "additional information" obtained by Ms. Shaw in the near future can just as well be used in an action filed in state court.  Accordingly, the Court shall exercise its discretion and decline to exercise jurisdiction over the remaining claims in the case, which are the cross-claims asserted by Ms. Shaw against NMPSC, Dr. Mirin and Mr. Harvey, all of which are grounded in state law.  *See Exum v. United States Olympic Comm.,* 389 F.3d 1130, 1139 (10th Cir. 2004) (A district court is well within its discretion in declining supplemental jurisdiction over the remainder of a case when it dismisses all claims over which it had original jurisdiction).

  B.  Plaintiff's Motions for Default

Plaintiff has also filed motions for default judgment against Parker Harvey and Healthcare Professional Services.  *See* Docs. 57 and 58.  Since Plaintiff's cross-claims against these Defendants are grounded in negligence, these two motions have become moot based on the Court's ruling above in declining to exercise supplemental jurisdiction over the state law claims.

  **THEREFORE,**

  **IT IS ORDERED** that Defendant's Motion to Dismiss **(Doc. 64)** is hereby GRANTED in that the Court declines to exercise jurisdiction over the remaining claims in this case under 28 §1367(c)(3), and those claims are hereby DISMISSED WITHOUT PREJUDICE;

  **IT IS FURTHER ORDERED** that Plaintiff's Motion for Entry of Default and Attorney Fees Against Healthcare Professional Services, Inc., filed August 19, 2015 **(Doc. 57)** is hereby DENIED AS MOOT;

**IT IS FINALLY ORDERED** that Plaintiff's Motion for Default Judgment and Attorney Fees against Parker Harvey, CPCU **(Doc. 58)** is hereby DENIED AS MOOT.

_____
UNITED STATES DISTRICT JUDGE